**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN JEAN UPSHAW** <br> P.O. Box 24122 <br> Cincinnati, Ohio  45224 <br>       Plaintiff, <br> v. <br><br> **FCA US LLC aka and/or dba STELLANTIS NORTH AMERICA** <br> 4400 Chrysler Drive <br> Toledo, Ohio  43608 <br><br>       Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY  & HONOLD, LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Email:  FLandry308@aol.com <br> Attorney for Plaintiff <br> Carolyn J. Upshaw |

  \*  \*  \*  \*  \*  \*  \*  \*

**JURISDICTION**

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. Plaintiff also brings a claim for racial and gender based discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful discipline, disparate treatment and   discharge from employment. Plaintiff filed a charge of discrimination

with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the bass of age, race, sex and retaliation on March 5, 2022, charge number 22A-2022-01594C/TOLA2(41359)03052022, attached hereto as Exhibit A, and incorporated by reference as if fully restated herein.  On March 16, 2023, the EEOC issued Plaintiff a Notice of Right to Sue advising her of her right to file suit in an appropriate State or Federal Court within 90 days of her receipt of said notice. See Exhibit B.  On November 17, 2022, the Ohio Civil Rights Commission issued its Notice of Right to Sue with respect to Exhibit A. See Exhibit C. Plaintiff filed a second charge with the Ohio Civil Rights Commission and the EEOC on May 23, 2022 on the basis of age, race, sex and retaliation, Charge Number 22A-2022-03072C/22A-2022-03072C, attached hereto as Exhibit D, and incorporated by reference as if fully restated herein. On March 17, 2023, the EEOC issued Plaintiff a notice of her right to file suit in an appropriate State or Federal Court within 90 days of her receipt of said notice. See Exhibit E. On March 9, 2023, the Ohio Civil Rights Commission issued its Notice of Right to Sue with respect to Exhibit D.  See Exhibit F. On July 14, 2022, Plaintiff filed a third charge with the Ohio Civil Rights Commission and the EEOC, Charge No. 22A-2022-03657C/TOLA2(41573)07142022, attached hereto as Exhibit G and incorporated by reference herein. On March 16, 2023, the EEOC issued Plaintiff a notice of her right to file suit in an appropriate State or Federal Court within 90 days of her receipt of said notice. See Exhibit H.  On March 9, 2023, the Ohio Civil Rights Commission issued its Notice of Right to Sue with respect to Exhibit G. See Exhibit I.  This Court's supplemental jurisdiction is also invoked over a state law claims of age, race, and  sex discrimination and retaliation.

**PARTIES**

2.      Plaintiff, Carolyn Jean Upshaw, is an African American citizen of the United States, and a resident of the City of Cincinnati,  State of Ohio, who was employed by Defendant at its Toledo,

Ohio plant from December 6, 2021 until her termination on July 1, 2022. At all times material hereto, Plaintiff was an employee of an employer within the meaning of 42 U.S.C. Sections 2000e et seq., 29 U.S.C. Sections 621 et seq. and Chapter 4112 of the Ohio Revised Code.

3. Defendant is a multinational corporation which manufactures a large cross section of automobiles throughout the world. Defendant operates its North Toledo Assembly Plant at which Plaintiff was employed which is located in Toledo, Lucas County, Ohio where the events that gave rise to this case took place. At all times material hereto, Defendant had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Ohio Revised Code Chapter 4112.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages for harassment, discrimination, retaliation, disparate treatment and unlawful discharge of her employment. Plaintiff alleges that in terminating her, the Defendant did so in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

5. Plaintiff was employed with Defendant from December 6, 2021 until her termination on July 1, 2022.

6. During her employment, Plaintiff held the position of Production Supervisor.

7. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

8. Plaintiff reported to a Shift Manager who habitually shouted and yelled at her. Plaintiff was targeted by this person for severe harassment and was publicly demeaned. She was threatened that the Shift Manager would take it personally the next time she failed to write up an employee for not wearing safety glasses. On this occasion, he invaded Plaintiff's personal space.

9. Plaintiff went to Human Resources to report this incident in February of 2022. Then, on February 28, 2022, Plaintiff was called into Human Resources and advised that there was no finding of anything wrong. She was then subjected to coaching and retaliation.

10. On May 18, 2022, Plaintiff was suspended on administrative leave and denied overtime pay.

11. On July 1, 2022, Plaintiff was terminated from her employment by Defendant.

12. Defendant sent Plaintiff a letter which Plaintiff did not receive until July 11, 2022 advising her that she was terminated effective July 1, 2022. Defendant terminated Plaintiff for unprofessional behavior and unacceptable behaviors for a supervisor, and for behaviors falling below expected behaviors of a supervisor.

13. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

## FIRST CLAIM FOR RELIEF
### ADEA--29 U.S.C. Sections 621 et seq.

14. Plaintiff incorporates each and every allegation contained in paragraph one (1) through thirteen (13) by reference in its entirety as if fully restated herein.

15. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as she was fifty-seven (57) years of age at the time of her termination.

16. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

17. Plaintiff was mistreated and terminated due to false accusations against her.

18. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

19. Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her age. At the time of her termination, Plaintiff was 57 years of age.

20. Plaintiff states that similarly situated substantially younger employees have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

21. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of 29 U.S.C. §621 et seq.

22. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Ohio Revised Code Sections 4112.02 and 4112.052, Age Discrimination**

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein.

24. Plaintiff was in the age group protected by 4112.02. as she was fifty-seven (57) years of age at the time of her termination.

25. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

26. Plaintiff was mistreated and terminated due to false accusations against her.

27. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

28. Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her age. At the time of her termination, Plaintiff was 57 years of age.

29. Plaintiff states that similarly situated substantially younger employees have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

30. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of age in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.052 as amended.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**TITLE VII-42 U.S.C. Sections 2000e et seq.-Racial Discrimination**

32. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this Complaint, supra, by reference in its entirety as if fully restated herein.

33. Plaintiff is an African American individual and was employed by Defendant.

6

34. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

35. Plaintiff was mistreated and terminated due to false accusations against her.

36. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

37. Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her race.

38. Plaintiff states that similarly situated substantially non-African American employes have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

39. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

40. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Racial Discrimination-Ohio Revised Code Sections 4112.02 and 4112.052

41. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty (40) of this Complaint, supra, by reference in its entirety as if fully restated herein.

42. Plaintiff is an African American individual and was employed by Defendant.

43. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

44. Plaintiff was mistreated and terminated due to false accusations against her.

45. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

46. Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her race.

47. Plaintiff states that similarly situated substantially non-African American employes have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

48. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.052.

49. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**TITLE VII-42 U.S.C. Sections 2000e et seq.-Sex Discrimination**

50. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-nine (49) of this Complaint, supra, by reference in its entirety as if fully restated herein.

51. Plaintiff is a female individual and was employed by Defendant.

52. Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

53. Plaintiff was mistreated and terminated due to false accusations against her.

54. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

55. Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her sex.

56. Plaintiff states that similarly situated substantially male employes have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

57. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of sex in violation of

58. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

59. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SIXTH CLAIM FOR RELIEF
### Ohio Revised Code Sections 4112.02 and 4112.052.-Sex Discrimination

60.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty-nine (59) of this Complaint, supra, by reference in its entirety as if fully restated herein.

61.     Plaintiff is a female individual and was employed by Defendant.

62.     Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience.  Plaintiff was at all times meeting or exceeding her employer's legitimate expectations.

63.     Plaintiff was mistreated and terminated due to false accusations against her.

64.     The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

65.     Plaintiff states that Defendant subjected her to ongoing mistreatment, coaching, administrative leave, denial of overtime pay and termination was because of her because of her sex.

66.     Plaintiff states that similarly situated substantially male employes have been more favorably treated, and were not mistreated or terminated over the same issues for which Plaintiff was terminated.

67.     Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of sex in violation of  Ohio Revised Code Section 4112.02(A) and 4112.052.

68.     As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress,

anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**SEVENTH CLAIM FOR RELIEF**
**RETALIATION-42 U.S.C. Sections 2000e et seq.**

69. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixty-eight (68) of this Complaint, supra, by reference in its entirety as if fully restated herein.

70. Plaintiff reported to a Shift Manager who habitually shouted and yelled at her. Plaintiff was targeted by this person for severe harassment and was publicly demeaned. She was threatened that the Shift Manager would take it personally the next time she failed to write up an employee for not wearing safety glasses. On this occasion, he invaded Plaintiff's personal space.

71. Plaintiff went to Human Resources to report this incident in February of 2022. Then, on February 28, 2022, Plaintiff was called into Human Resources and advised that there was no finding of anything wrong. She was then subjected to coaching and retaliation.

72. On May 18, 2022, Plaintiff was suspended on administrative leave and denied overtime pay.

73. On July 1, 2022, Plaintiff was terminated from her employment by Defendant.

74. Defendant's Human Resources Manager advised Plaintiff that she was terminated for unprofessional behavior and unacceptable behaviors for a supervisor, and for behaviors falling below expected behaviors of a supervisor.

75. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

76. Plaintiff filed a charge of discrimination on the basis of age, race and sex with the EEOC on March 5, 2022, Charge Number 22A-2022-01594C. Defendant was aware of the filing of this charge. On May 18, 2022, Defendant suspended Plaintiff from her position as Production

Supervisor pending termination. Plaintiff then filed a charge of discrimination on the basis of age, race, sex, and retaliation with the EEOC Charge Number 22A-2022-03072C on May 23, 2022. Defendant was aware of the filing of this Charge by Plaintiff. Soon thereafter, Defendant terminated Plaintiff's employment on July 1, 2022. Plaintiff states that there was a causal connection between the filing of her charges and the discipline and discharge including but not limited to close temporal proximity. In retaliating against Plaintiff because of her filing of charges, Defendant has violated Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

77. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## EIGHTH CLAIM FOR RELIEF
## RETALIATION-Ohio Revised Code Section 4112.02(I) and 4112.052

78. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through seventy-seven (77) of this Complaint, supra, by reference in its entirety as if fully restated herein.

79. Plaintiff reported to a Shift Manager who habitually shouted and yelled at her. Plaintiff was targeted by this person for severe harassment and was publicly demeaned. She was threatened that the Shift Manager would take it personally the next time she failed to write up an employee for not wearing safety glasses. On this occasion, he invaded Plaintiff's personal space.

80. Plaintiff went to Human Resources to report this incident in February of 2022. Then, on February 28, 2022, Plaintiff was called into Human Resources and advised that there was no finding of anything wrong. She was then subjected to coaching and retaliation.

81. On May 18, 2022, Plaintiff was suspended on administrative leave and denied overtime pay.

82. On July 1, 2022, Plaintiff was terminated from her employment by Defendant.

83. Defendant's Human Resources Manager advised Plaintiff that she was terminated for unprofessional behavior and unacceptable behaviors for a supervisor, and for behaviors falling below expected behaviors of a supervisor.

84. The reasons for Plaintiff's mistreatment and termination are false and pretextual as Plaintiff performed her job well and did not break any of Defendant's employment policies.

85. Plaintiff filed a charge of discrimination on the basis of age, race and sex with the Ohio Civil Rights Commission on March 5, 2022, Charge Number TOLA2(41359)03052022. Defendant was aware of the filing of this charge. On May 18, 2022, Defendant suspended Plaintiff from her position as Production Supervisor pending termination. Plaintiff then filed a charge of discrimination on the basis of age, race, sex, and retaliation with the Ohio Civil Rights Commission Charge Number TOLA2(41491)05232022 on May 23, 2022. Defendant was aware of the filing of this Charge by Plaintiff. Soon thereafter, Defendant terminated Plaintiff's employment on July 1, 2022. Plaintiff states that there was a causal connection between the filing of her charges and the discipline and discharge including but not limited to close temporal proximity. Plaintiff states that in disciplining and in terminating her employment, the defendant retaliated against her in violation of Ohio Revised Code Section 4112.02(I) made actionable pursuant to Ohio Revised Code Section 4112.052.

86. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress,

anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, and interest. Plaintiff also seeks an amount of liquidated damages equal to her damages and costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        s/Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Carolyn Jeam Upshaw

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

        s/Francis J. Landry
        Francis J. Landry